UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANTWAN ELVAGO COPLEN, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6:22-CV-231-CHB |
| v. | ) ) | |
| J. GILLEY, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Antwan Coplen has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") computation of his prior custody credits under 18 U.S.C. § 3585(b). [R. 1.] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Coplen's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (per curiam) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (cleaned up).

On May 23, 2006, a federal grand jury in Des Moines, Iowa, issued an indictment charging Coplen with drug trafficking offenses. *United States v. Coplen*, No. 4:06-CR-101-RGE-HCA-1, at R. 1 (S.D. Iowa 2006) (from now on, "*Coplen*"). The indictment was filed under seal, and no

significant action was taken in the case for seven months. *Id.* In the interim, on May 25, 2006, Coplen was arrested by local police in Des Moines, Iowa, for "Driving While Barred Habitual Offender." [R. 1-4, p. 14.] At the time, Coplen was on parole from an earlier 10-year state sentence for narcotics offenses. [*Id.*] The traffic charge was dismissed in July 2006, but Coplen remained in state custody pending revocation of his parole. [*Id.*] Coplen's state parole was revoked on August 30, 2006, and he remained in the custody of the Iowa Department of Corrections. [*Id.*]

On February 1, 2007, Coplen was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for an initial appearance on the federal charges. *Coplen*, R. 9; R. 18. The federal trial concluded in June 2007 when the jury found Coplen guilty of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). *Coplen*, R. 104. Coplen completed his state parole revocation sentence on October 24, 2007, placing him in exclusive federal custody at that time. [R. 1-4, p. 14.] On November 9, 2007, the federal trial judge held a sentencing hearing and sentenced Coplen to life imprisonment. *Coplen*, R. 122; R. 239. Coplen was transferred into the custody of the Bureau of Prisons at the Federal Correctional Institution in Terre Haute, Indiana, on June 12, 2008. [R. 1-3, p. 1.] In July 2020, Coplen's sentence was reduced to 360 months imprisonment pursuant to Section 404 of the First Step Act. *Coplen*, R. 249.

Over the last fifteen years, the BOP has reviewed and revised its sentencing calculations for Coplen on several occasions. [*See* R. 1-4, pp. 3-12.] Although other determinations have changed, the BOP has consistently commenced Coplen's federal sentence on November 9, 2007, the day his federal sentence was imposed. [*Cf. id.* at 4.] The BOP's calculations in 2008 and July 2020 credited Coplen with nearly 18 months of prior custody credits, beginning with the day of

his arrest in May 2006 and ending on the day his federal sentence was imposed in November 2007. [*Id.* at 3-6.] In subsequent reviews in 2020 and 2021, the BOP reduced Coplen's prior custody credits by approximately six months. [*Id.* at 7-10.]

Displeased with the reduction in his prior custody credits in 2021, Coplen filed an inmate grievance challenging the BOP's calculations. [R. 1-1, pp. 17-18.] Coplen's grievance prompted plenary review by the BOP's Designation and Sentence Computation Center. Based upon its review of records from the Iowa Department of Corrections and documents from the federal criminal proceedings, the BOP's Central Office concluded that:

(a) Coplen's federal sentence commenced on November 9, 2007, because he was in primary federal custody at the time his federal sentence was imposed;

(b) Coplen was not entitled to prior custody credits from the date of his arrest on May 25, 2006, through October 24, 2007, because that time had already been credited against his state parole revocation sentence; and

(c) Coplen was entitled to prior custody credits from October 25, 2007, to November 8, 2007, because that period of pretrial detention had not been applied to any other sentence.

[R. 1-4, pp. 14-15.] The BOP's September 20, 2022 Sentence Monitoring Computation Data ("SMCD") sheet reflects those calculations. [*See id.* at 11-12.]

Coplen filed his habeas corpus petition in this Court shortly thereafter. [*See* R. 1.] Coplen's petition is difficult to follow. At times he appears to confuse disparate concepts (*e.g.*, prior custody credits and good conduct time). He also misapprehends facts related to his state and federal criminal proceedings in 2006 and 2007 and misunderstands the BOP's calculation of his prior custody credits. The Court will endeavor to provide some clarity.

The BOP gives a federal inmate credit for the time he has served by referencing the controlling statute, 18 U.S.C. § 3585. The first part of the statute establishes when a federal sentence starts:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). In this case, Coplen's federal sentence was imposed on November 9, 2007. Coplen was already in exclusive federal custody at that time because his state sentence had concluded. Coplen's federal sentence therefore commenced immediately. *See* BOP Program Statement 5880.28. This is referenced in the September 2022 SMCD as the "Date Computation Began." [R. 1-4, p. 12.] Coplen does not appear to challenge this date, and it is plainly correct.

The SMCD also refers to "Total Prior Credit Time." [*See id.*] This does not include, as the name might suggest, all of the time credited against the prisoner's sentence. For example, it does not include Good Conduct Time. Instead, it only includes time spent in jail before trial and sentencing that can be applied against the prisoner's federal sentence. This is the source of Coplen's disagreement with the BOP.

In this case, the SMCD includes as "Jail Credit" only the two weeks between October 25, 2007, and November 8, 2007, for a total of 15 days. [*See id.* at 12.] This is governed by the second part of the controlling statute, which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). At some points in his petition and in the grievances he filed, Coplen appears to suggest that he is entitled to jail credit beginning when he was arrested in May 2006. That is

not correct. Recall that jail time can only be credited against a federal sentence if it "has not been credited against another sentence." *See* 18 U.S.C. § 3585(b). Here, Coplen was arrested by Iowa authorities in May 2006 and he remained in state custody, initially for the pending traffic charges and later in service of his parole revocation sentence. Because the time Coplen spent in jail starting in May 2006 was applied to his state sentence, in cannot be applied a second time toward his federal sentence. *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence.").

At one point in his petition, Coplen appears to argue that his state parole should not have been revoked at all in 2006 because his parole officer was incorrect when he concluded that Coplen did not have a job. [See R. 101, pp. 1, 4.] According to Coplen, the parole revocation was therefore "unfair" and "unconstitutional." [*See id.*] But Coplen may not relitigate the propriety of a 16-year-old state parole revocation in this proceeding. The question in this proceeding is limited to whether the BOP properly calculated Coplen's prior custody credits in light of the federal and state convictions that are matters of record. If Coplen wishes to challenge his prior Iowa conviction, he must exhaust all avenues available in the courts of that state, see 28 U.S.C. § 2254(d), and may then seek habeas corpus relief in a separate proceeding under 28 U.S.C. § 2254 in the federal courts in Iowa. *Cf. Henderson v. Bledsoe*, 396 F. App'x 906, 907 (3d Cir. 2010) (per curiam) (in denying § 2241 petition seeking prior custody credits, the court noted that "Henderson must seek relief through a habeas petition pursuant to 28 U.S.C. § 2254 to the extent he seeks to challenge his state conviction").

The first time Coplen was taken into federal custody was in February 2007. Federal marshals did not arrest Coplen at that time; rather, he was transferred into federal custody pursuant

to a writ of habeas corpus *ad prosequendum* to be produced for an initial hearing in his federal criminal prosecution. *Coplen*, R. 9; R. 18. It is well-established that such a transfer does not affect the state's primary custody over the prisoner. *Cf. McNair v. Fairton*, 611 F. App'x 749, 751 (3d Cir. 2015) (per curiam) ("The production of a defendant pursuant to a writ of habeas corpus *ad prosequendum* does not affect the jurisdiction of the sovereign with primary custody over a defendant."); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005); *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998); *Hill v. Holland*, Civil Action No. 6:13-194-CLB, 2014 WL 709848, at *2-3 (E.D. Ky. Feb. 21, 2014). Iowa therefore retained primary jurisdiction over Coplen notwithstanding the transfer, and the time he spent in custody continued to be credited against his state sentence.

      Coplen resists this conclusion, stating that personnel at the Polk County Jail told him that his parole revocation sentence could not exceed six months, and it was therefore set to expire on February 1, 2007. [R. 1-1, p. 1.] However, Coplen claims, in order to keep him in custody, federal marshals "rearrested" him on that date, causing him to be "paroled to my detainer." [*Id.*] This is incorrect. Iowa law in effect at the time did not limit a parole revocation sentence to six months, or to any particular period of time, for certain categories of infractions. *See State v. Wade*, 757 N.W.2d 618, 628 (Iowa 2008) ("Pursuant to Iowa Code section 908.5, if a parole violation is established, an administrative parole judge may continue the parole with or without modification or revoke the parole and require the parolee to serve the sentence originally imposed."); Iowa Code Ann. § 908.9 ("If the parole of a parole violator is revoked, the violator shall remain in the custody of the Iowa department of corrections under the terms of the parolee's original commitment."); *State v. DeWitt*, 426 N.W.2d 678, 681 (Iowa Ct. App. 1988).

Further, records reviewed by the BOP showed that Coplen remained in state custody serving his parole revocation sentence until October 24, 2007. [R. 1-4, p. 14.] At one point Coplen himself appears to indicate as much. [R. 1-1, p. 1 ("On October 24, 2007, I was discharged from that parole[.]")] Current records from the Iowa Department of Corrections and the Iowa Board of Parole confirm this conclusion.[1] The BOP was therefore correct to conclude that Coplen's pretrial detention from February 2007 through October 2007 could not be applied to his federal sentence because it had already been credited against his parole revocation sentence. *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992) (noting that a defendant cannot receive a double credit for his detention time under § 3585(b)). Because his state sentence concluded on October 24, 2007, the BOP did apply 15 days of prior custody credits to his federal sentence pursuant to § 3585(b). [R. 1-4, p. 12.]

Coplen also appears to make a final argument: that when his federal sentence was imposed in November 2007, "Judge Longstaff granted Coplen 535 days jail credit." [R. 1-1, pp. 1, 5.] This is incorrect as a factual matter. There is no mention of jail credits during the sentencing hearing, in the November 2007 Judgment and Commitment Order, or in the July 2020 Order reducing Coplen's sentence to 360 months imprisonment. *See Coplen*, R. 122; R. 239; R. 249.] In any event, as a legal matter, a federal trial judge has no authority to grant prior custody credits under § 3585(b). By statute that authority is vested exclusively with the Attorney General and, by

---

[1] *See* https://doc.iowa.gov/offender/view/1085611 (accessed February 22, 2023) and https://bop.iowa.gov/offender/view/1085611 (accessed February 22, 2023). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and of "proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

delegation, to the BOP. *Wilson*, 503 U.S. at 333-35; *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010).

The Court, having reviewed the record and Coplen's arguments, finds that the BOP has properly calculated the commencement date of his sentence and awarded any prior custody credits to which he is entitled. The Court will therefore deny the petition.

Accordingly, it is **ORDERED** as follows:

1. The Court **DENIES** the habeas corpus petition **[R. 1]** filed by Antwan Coplen.

2. The Court will enter a corresponding judgment.

3. This action is **STRICKEN** from the Court's docket.

This the 24th day of February, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY